**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
CLAUDIA BELLOCCHIO,

                             Plaintiff,           **MEMORANDUM
                                                                        AND ORDER**

                - against -

                                                                      CV 07-2516 (ILG)(JO)

ENODIS CORP., et al.,

                             Defendants.
------------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

Plaintiff Claudia Bellocchio ("Bellocchio") filed this personal injury action against named defendants Enodis Corporation and Frymaster, LLC (and also against a number of "ABC Company" corporate defendants and "John Doe" individual defendants) in the Supreme Court of the State of New York, County of Richmond, on May 7, 2007. *See* Docket Entry ("DE") 1 (including, among other documents, the defendants' Notice of Removal ("Notice") and Bellocchio's Verified Complaint ("Complaint")). On June 27, 2007, the named defendants filed a notice pursuant to 28 U.S.C. § 1446 seeking to remove the case to this court. For the reasons set forth below, I find that the named defendants have not satisfied their burden of establishing that this court has original jurisdiction, and in particular that they have failed sufficiently to demonstrate that the amount in controversy exceeds $75,000. I therefore order the action summarily remanded to the state court in which it was filed pursuant to 28 U.S.C. § 1446(c)(4). *See generally DeMarco v. MGM Transport, Inc.*, 2006 WL 463504 (E.D.N.Y. Feb. 24, 2006).

    A.    <u>Removal Procedures Generally</u>

A defendant may remove from state court to federal court any civil action of which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Upon such removal, the federal court in which the notice is filed must examine it "promptly." 28 U.S.C. § 1446(c)(4). "If it

Dockets.Justia.com

clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id.*

Where, as here, a defendant relies on 28 U.S.C. § 1332 as the source of the receiving court's purported original jurisdiction, it must establish that the requirements of the statute have been met. Specifically, the defendant must demonstrate that the parties are citizens of diverse states and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction.") (citing *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979)). With respect to the amount-in-controversy element of diversity jurisdiction, the removing party must carry that burden by "proving that it appears to a 'reasonable probability' that the claim is in excess of [$75,000]." *United Food & Commercial Workers Union v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 303-04 (2d Cir. 1994). A federal court considering the propriety of the removal should generally evaluate the existence of the amount in controversy, like any jurisdictional fact, "on the basis of the pleadings, viewed at the time when the defendant files the notice of removal." *Blockbuster, Inc.*, 472 F.3d at 57 (citing *Vera v. Saks & Co.*, 335 F.3d 109, 116 n.2 (2d Cir. 2003) (per curiam)); *see also Davenport v. Procter & Gamble*, 241 F.2d 511, 514 (2d Cir. 1957) (if a complaint does not establish amount in controversy, "the court may look to the petition for removal").

  B. <u>The Effects Of New York's Procedural Law On Removal To Federal Court</u>

Bellocchio's complaint does not specify the amount of damages sought, and for good reason. New York law forbids the inclusion of an *ad damnum* clause in a personal injury case

like this one. *See* N.Y. C.P.L.R. § 3017(c). As a result, the Complaint includes only a perfunctory statement of the source of injury – specifically, that on May 7, 2004, Bellocchio was struck by a part of the machine allegedly manufactured and distributed by the defendants, Complaint ¶ 12 – and broad descriptive language to assert the extent of the Bellocchio's injuries. *See, e.g.*, *id.* ¶ 15. Its most specific allegation in the latter regard is that Bellocchio

> suffered grave injuries and damages including ... severe painful and permanent crushing injuries to plaintiff's primary left hand, left wrist and left arm; severe, painful and permanent scarring, disfigurement and debilitation... loss of [u]se of her left hand, wrist and arm ... permanent loss of strength ... nerve damage ... other painful and permanent physical, mental and emotional injuries ....

*Id.* ¶ 15. Although I can infer from this allegation that Bellocchio may seek a substantial recovery if the defendants' liability is established, I cannot conclude from the boilerplate that the amount in controversy necessarily exceeds $75,000. The Complaint alone therefore provides insufficient information to "intelligently ascertain removability." *See DeMarco*, 2006 WL 463504, at *1 (citing *Setlock v. Renwick*, 2004 WL 1574663 (W.D.N.Y. May 21, 2004) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205-06 (2d Cir. 2001)). The Notice provides no additional detail about the specific damages sought; it merely makes the conclusory assertion that "the matter in controversy ... exceeds the sum of $75,000." Notice ¶ 7. Thus, neither the Notice nor the Complaint provides any indication that the amount actually in controversy – that is, the amount that Bellocchio seeks as a result of her injuries – exceeds $75,000. Accordingly, I conclude that the pleadings now before the court do not satisfy the defendants' burden to establish the existence of federal jurisdiction. *See DeMarco*, 2006 WL 463504, at *2 (citing *United Food & Commercial Workers Union*, 30 F.3d at 304-05).

The removing defendants are not without recourse. The same state law provision that prohibited Bellocchio from including an allegation in her Complaint that might support a sufficient notice of removal also provides a procedural mechanism by which the defendants can ascertain the existence of facts necessary to invoke federal diversity jurisdiction:

> A party against whom an action to recover damages is brought, may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled. A supplemental demand shall be provided by the party bringing the action within fifteen days of the request.

N.Y. C.P.L.R. § 3017(c); *see DeMarco*, 2006 WL 463504, at *2 (citing *Setlock*, 2004 WL 1574663, at *2). The named defendants were free to take advantage of that provision before seeking to remove the case, and they will of course be free to do so if and when this remand order takes effect and the case is once again governed by New York State's discovery rules.[1]

Nor are the named defendants prejudiced by the necessity of making such a "supplemental demand" with respect to the timing of a removal notice. Defendants must normally file a notice of removal within 30 days of receiving the "initial pleading." 28 U.S.C. § 1446(b). The same subsection provides, however, that "[i]f the case as stated by the initial pleadings is not removable," which is true here and presumably in all personal injury actions filed consistent with the current version of C.P.L.R. § 3017(c), the 30-day period for seeking removal only begins when the defendants receive "an amended pleading, motion, order or other paper

---

[1] While the case remains pending in federal court, New York's discovery mechanisms are plainly unenforceable, and the parties are instead subject to the provisions of the Federal Rules of Civil Procedure. Those rules generally forbid any party from insisting on the production of any discovery before the initial conference among counsel. *See* Fed. R. Civ. P. 26(d), (f). Nevertheless, the parties are free to exchange information by consent at any time; the voluntary production by the plaintiff of information available to a defendant in state court pursuant to N.Y. C.P.L.R. § 3017(c) would likely serve to avoid needless delay if there is indeed a basis for diversity jurisdiction in this case.

from which it may first be ascertained that the case is one which is or has become removable." *Id.*; *see DeMarco*, 2006 WL 463504, at *2 (citing *Setlock*, 2004 WL 1574663, at *2). Where the response to a supplemental demand under C.P.L.R. § 3017(c) asserts damages in excess of $75,000, that response is a "paper" that allows the defendants to seek removal within 30 days. *See DeMarco*, 2006 WL 463504, at *2 (citing *Schultz v. Office Depot, Inc.*, 2004 WL 1598829 (W.D.N.Y. July 16, 2004); *Gonzalez v. Rajkumar*, 2005 WL 1593008, at *3 (S.D.N.Y. July 6, 2005)).

    C.    Remand And Review Procedures

The plain language of 28 U.S.C. § 1446(c)(4) requires summary remand under the facts of this case. That result is not only a statutory command; it also makes sense. Requiring the defendants to seek supplemental information under state law before attempting to remove the case places no meaningful burden on them that they will not in any event bear. At some point in this litigation, whether it proceeds in this court or another, and whether it settles or proceeds to a judicial disposition, the named defendants will need to find out the extent of the damages that Bellocchio claims to have sustained. I decide no more than that they must seek out that information before coming to this court, not after. If the defendants learn that Bellocchio seeks damages in excess of $75,000, they may seek to reopen the case in this court and Bellocchio will have to bear the burdens associated with removal. On the other hand, if it turns out that Bellocchio does not claim more than $75,000 in damages, then the case will properly remain in state court – and this court will not be burdened with overseeing discovery of a dispute that is not properly before it. *DeMarco*, 2006 WL 463504, at *2.

Finally, assuming that this case must be summarily remanded, there remains the question of whether I can enter such an order consistent with the limitations of a magistrate judge's authority under 28 U.S.C. § 636, or may instead do no more than recommend that the assigned district judge take such action. For reasons I have explained elsewhere, I conclude that I do have the requisite authority to enter an order of remand. *See Meier v. Premier Wine & Spirits, Inc.*, 371 F. Supp. 2d 239, 241-44 (E.D.N.Y. 2005).

Such an order normally "is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). However, for the reasons explained below, I will stay the order of remand for a sufficient time to allow the removing defendants to lodge any objections it may have to this decision with the district judge assigned to this case. As explained in *Meier*, my authority as a magistrate judge to enter an order remanding the case to state court derives from 28 U.S.C. § 636(b)(1)(A). The same statutory provision that empowers me to enter such an order, however, also allows a district judge to "reconsider any pretrial matter under this subparagraph ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). Courts in other jurisdictions have held that the more specific law pertinent to pretrial orders by magistrate judges controls. As a result, notwithstanding the removal statute's general proscription of appellate or other "review," a district judge may "reconsider" a magistrate judge's remand order if the latter is clearly erroneous or contrary to law. *See, e.g., Robinson v. Cheetah Transp.*, 2006 WL 1453036 (W.D. La. May 17, 2006) (citing cases).

The defendants will be denied the opportunity to seek such reconsideration if the remand I now order takes immediate effect. I therefore stay the order of remand *sua sponte* for a period

of time sufficient for the defendants to file any objections they may have.  Under the pertinent rules, a stay until July 17, 2007 will accomplish that purpose.  *See* Fed. R. Civ. P. 72(a) (requiring objections to a magistrate judge's order to be filed within 10 days); Fed. R. Civ. P. 6 (computation of time).  Should the defendants actually pursue such relief, they may of course apply to me or to the district judge for a further stay pending resolution of their objections.[2]

D.   Conclusion

For the reasons set forth above, the Clerk is respectfully directed to remand this case to the Supreme Court of the State of New York, Richmond County.  In order to afford the defendant sufficient time to file a motion for reconsideration of this order by the assigned district judge, I stay this order until July 17, 2007.

**SO ORDERED.**

Dated: Brooklyn, New York
June 27, 2007

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge

---

[2] In addition, if the removing defendants can establish the amount in controversy before the stay lapses, either by virtue of information provided by Bellocchio or other means, I will of course entertain an application for reconsideration and, if persuaded that there exists federal diversity jurisdiction, vacate this order.